IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 3 - 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00667-BNB

ANDRE J. TWITTY,

    Plaintiff,

v.

ALBERTO GONZALEZ, U.S. Atty. General,
HARLEY G. LAPPIN, Dir. Fed. B.O.P.,
HARRELL WATTS, Remedy Corr. B.O.P.,
M. NALLEY, Dir. Northeast Region B.O.P.,
DARYL KOSIAK, Regional Counsel B.O.P.
R. WILEY, Warden USP FLM B.O.P.,
J. SHARTLE, Assoc. Warden USP Florence BOP, POB 8500 Florence, CO 81226,
M. CRUZ, Assoc. Warden, USP Florence BOP, POB 8500 Florence, CO 81226,
M. CHURCH, Captain, USP Florence BOP, POB 8500 Florence, CO 81226,
P. J. KRIST, SIA USP Florence BOP, POB 8500 Florence, CO 81226,
K. REAR, Exec. Asst. USP Florence, POB 8500 Florence, CO 81226,
S. SMITH, SIS LT. USP Florence BOP, POB 8500 Florence, CO 81226,
R. MACK, Edcu. [sic] Dept. USP Florence BOP, POB 8500 Florence, CO 81226,
S. M. PARSONS, Educ. Dept., USP Florence BOP, POB 8500 Florence, CO 81226,
A. WALKER, PA, USP Florence BOP, POB 8500 Florence, CO 81226,
LAWRENCE L. LEYBA, Clinical Dir., USP Florence BOP, POB 8500 Florence, CO
    81226,
NORA GLADBACH, PA, USP Florence BOP, POB 8500 Florence, CO 81226,
FNU BAILEY, Psychology Dept., USP Florence BOP, POB 8500 Florence, CO 81226,
FNU ZOHN, Psychology Dept., USP Florence BOP, POB 8500 Florence, CO 81226,
D. CLARK, Lt., USP Florence BOP, POB 8500 Florence, CO 81226,
ALL UNKNOWN MEDICAL STAFF, USP Florence BOP, POB 8500 Florence, CO
    [unreadable ZIP],
ALL UNKNOWN MAILROOM STAFF, USP Florence BOP, POB 8500 Florence, CO
    81221,
BILL LEONE, US Attorney, 1225 17th St. Suite 700 Denver CO 80202,
STEVE POWERS, Special Agent FBI, 1961 Stout St. Rm 1823 Denver CO 80294,
DANIEL BRADLEY, FBI Agent, 111 Tejon St. #600 Colorado Springs CO 80903,
KEN SALAZAR, Member U.S. Congress (CO),
WAYNE ALLARD, Memeber [sic], U.S. Congress (CO),
MARILYN MUSGRAVE, Member, U.S. Congress (CO),
TOM TANCREDO, Member, U.S. Congress (CO),
BOB BEAUPREZ, Member, U.S. Congress (CO),
DIANA DEGETTE, Member, U.S. Congress (CO),

MARK UDALL, Member U.S. Congress (CO),
JOEL HEFLEY, Member, U.S. Congress (CO),
JOHN T. SALAZAR, Member, U.S. Congress (CO),
JOHN MULLER, Dir., Fed. Bureau Invest. Washington D.C.,
ALL UNKNOWN INVESTIGATORS, Office of Internal Affairs BOP, 320 First St. N.W. Washington D.C. 20534, and
ALL UNKNOWN INVESTIGATORS, Office Inspector General Dept. of Justice, Wash. D.C. 20530, all in their individual capacities,

      Defendants.

---

ORDER TO FILE SECOND AMENDED COMPLAINT AND TO SHOW CAUSE

---

Plaintiff Andre J. Twitty is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary, Administrative Maximum (ADX), in Florence, Colorado. He has filed *pro se* an amended civil rights complaint pursuant to **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993) for money damages and for declaratory and injunctive relief. He also asserts jurisdiction pursuant to various other statutes and constitutional amendments.

The Court must construe the amended complaint liberally because Mr. Twitty is representing himself. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. See **Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Twitty will be ordered to file a second amended complaint and to show cause why the amended complaint should not be dismissed for failure to exhaust the BOP's three-step administrative grievance procedure.

2

The Court has reviewed the amended complaint and has determined that the amended complaint is deficient. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Twitty fails to provide a short and plain statement of the grounds upon which the Court's jurisdiction depends. *See* Fed. R. Civ. P. 8(a)(1). Rather, he cites to various statutes and constitutional amendments without explaining which statute and which amendment applies to which claim. Mr. Twitty's amended complaint, which asserts claims apparently related to an alleged assault, lack of medical treatment, lack of court access, and discrimination on the basis of race, is verbose and confusing. The

amended complaint does not include a short and plain statement of his claims showing that he is entitled to relief in this action.  *See* Fed. R. Civ. P. 8(a)(2).  Rather than summarizing each claim succinctly, Mr. Twitty makes vague references to other documents for further information, and apparently expects the Court to sift through his allegations to determine who is being sued for what and how his constitutional rights have been violated.  That is not the Court's job.  It is Mr. Twitty's responsibility to edit and organize his claims and supporting allegations into a manageable format.  Neither the defendants nor the Court is required to do this work for him.  Mr. Twitty must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

In addition, Mr. Twitty apparently believes that the more documents he files in addition to his amended complaint, the better.  He is mistaken.  By bombarding the Court with his papers, he is doing nothing but confusing the Court as to his claims.  Moreover, he includes claims in documents where they do not belong, such as in his document titled "Motion for Leave to Proceed *In Forma Pauperis* Pursuant to Title 28 U.S.C. 1915(g), Brief in Support."

Mr. Twitty also must assert clearly each defendant's personal participation in the alleged constitutional violations.  Personal participation is an essential allegation in a civil rights action.  *See **Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right.  *See **Kentucky v. Graham***, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each


defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Wayne Allard or Marilyn Musgrave, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Mr. Twitty may use fictitious names, such as "John Doe #1" and "John Doe #2" if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Twitty uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Twitty should be given an opportunity to file a second amended complaint. He will be directed to do so below.

In addition, it appears that Mr. Twitty has failed to exhaust each of his claims through the BOP grievance system. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2005), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739

(2001), and regardless of whether the suit involves general circumstances or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Twitty is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Twitty must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Twitty has failed to exhaust administrative remedies for any one of his claims, the entire complaint must be dismissed.

The copies of responses to grievances that Mr. Twitty has provided to the Court are rejection notices that demonstrate his failure to exhaust administrative remedies as to his asserted claims. Some of the copies of grievances he has provided are completely unreadable so the Court is unable to determine to which asserted claim, if any, the grievances apply. Mr. Twitty also does not describe with specificity the steps he has taken to exhaust administrative remedies as to each of his asserted claims. Therefore, Mr. Twitty will be ordered to show cause why the amended complaint should not be dismissed for failure to exhaust the BOP's three-step administrative grievance procedure as to each of his asserted claims. Mr. Twitty is reminded that he either must attach copies of administrative proceedings or describe their disposition with specificity as to each asserted claim and each issue raised in each asserted claim.

Finally, Mr. Twitty is advised that he must provide sufficient copies of the second amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Twitty should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Twitty file **within thirty (30) days from the date of this order** a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Twitty, together with a copy of this order, two copies of the following form to use in submitting the second amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Twitty submit sufficient copies of the second amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Twitty fails to file an original and sufficient copies of a second amended complaint that complies with this order to the Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED May 3, 2006, at Denver, Colorado.

BY THE COURT:

                                      s/ Boyd N. Boland
                                      United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00667-BNB

Andre Twitty
Reg. No. 18558-018
USP – MAX
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on \_\_5-3-06\_\_

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk